UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JOYCE HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00135-JLT-CDB (SS)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 14)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the motion of Plaintiff Kimberly Joyce Howell ("Plaintiff") for the award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,070.32 to counsel for Plaintiff, Jonathan Omar Peña.  (Doc. 14). Defendant Commissioner does not oppose the motion. (Doc. 15).

On April 4, 2025, the Court granted the parties' stipulated request for voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings. (Doc. 12). Judgment was entered the same day. (Doc. 13). On July 3, 2025, Plaintiff filed the pending motion for attorney fees as a prevailing party. (Doc. 14). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails with a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's filing is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner does not oppose

the requested relief.  (Doc. 15).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  *Id*.  Here, the government did not show its position was substantially justified and the Court finds there are no special circumstances that would make an award unjust.  Moreover, the government does not oppose Plaintiff's motion.  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at 1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff represents that her net worth did not exceed $2,000,000.00 at the time the action was filed.  (Doc. 14 at 5).  Plaintiff requests an award of $1,070.32 in EAJA fees.  (Doc. 14 at 1). Attached to Plaintiff's motion is an itemization of time (Doc. 14-1) recording a total of 4.25 hours spent on the case, and a fee agreement (Doc. 14-2).  The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Though Plaintiff's counsel represents in the motion that he seeks the hourly rates for 2020, 2021, and 2022 for time billed therein, respectively (Doc. 14 at 4), the undersigned notes that this case was filed in 2025 and, in Plaintiff's itemization of time, he seeks the hourly rate for 2025 (Doc. 14-1).

As such, the undersigned will evaluate the requested fees under the most recent published maximum rate.[1]  Under that rate ($251.84), the requested award amount equals the 4.25 hours represented in Plaintiff's itemization of time (not accounting for any paralegal time expended). The undersigned finds this reasonable and commensurate with an initial review of the matter and

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice Act*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 21, 2025).

2

drafting of the complaint, as provided by counsel in the itemization. (Doc. 14-1). The undersigned also finds that the motion and amount requested comports with the attached fee agreement (Doc. 14-2). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further proceedings. (Docs. 12, 13).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

**Conclusion and Recommendation**

Accordingly, the undersigned HEREBY RECOMMENDS:

1. Plaintiff's unopposed motion for attorney fees pursuant to the EAJA (Doc. 14) be GRANTED; and

2. The Commissioner be directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $1,070.32, with fees made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 21, 2025**

UNITED STATES MAGISTRATE JUDGE